UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In the matter:

    Sasha Ryan Williams,         Case No. 13-22403-GMH

                Debtor.                 Chapter 7

## DECISION*

On March 5, 2013, I denied Ms. Williams's application to waive the chapter 7 filing fee but allowed her to pay the $306 fee in three $102 installments, the first due April 4; the second, May 6; and the third, June 3. On April 2, Ms. Williams timely paid $204, leaving her to pay the remaining $102 on or before June 3. On April 11, Ms. Williams, who is *pro se*, wrote a letter asking why her fee waiver application was denied. Because fee waiver applications are frequent, I routinely act on them without stating my reasons. While I will continue that practice, I write this decision both to provide the rationale for my March 5 order and to describe my general approach to considering fee waiver applications.

I

"There is no constitutional right to obtain a discharge of one's debts in bankruptcy." *United States v. Kras*, 409 U.S. 434, 446 (1973). Congress, therefore, may require debtors, no matter how destitute, to pay a filing fee. *Id.* at 449–50.

Before 2005, all debtors had to pay a filing fee. In 2005 Congress, as part of the Bankruptcy Abuse Prevention and Consumer Protection Act, gave bankruptcy courts discretion to waive the filing fee for some individuals filing under Chapter 7. Section 1930 of Title 28 was amended to provide, "the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such

---

* This decision explains the March 5, 2013 order denying the debtor's application to proceed *in forma pauperis*, CM-ECF No. 7.

individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments." 28 U.S.C. §1930(f)(1).

Section 1930 thus imposes two requirements for a waiver. First, the debtor must demonstrate that, for her family's size, she "has income less than 150 percent of the income official poverty line." *Id.* This is an objective test, typically evaluated by comparing the debtor's income reported in her petition and schedules against the official poverty line reported by the United States Department of Health and Human Services. See Annual Update of the HHS Poverty Guidelines, 78 Fed. Reg. 5182, 5183 (January 24, 2013).

Second, even if a debtor's income is below 150% of the applicable poverty guideline, she must still demonstrate that she is "unable to pay that fee in installments." §1930(f)(1). In making this determination, I look at a number of factors, including whether the debtor has net monthly income sufficient to pay the fee in installments; whether the debtor has collateral sources of income, such as from family or friends, from which to pay the fee; whether the debtor has excessive or unreasonable expenses; whether the debtor paid or promised to pay an attorney or petition preparer; whether the debtor has property from which the fee could be paid (e.g., tax refunds); and, whether the debtor's current income and expenses are the result of extraordinary circumstances. See *In re Stickney*, 370 B.R. 31, 41–42 (Bankr. D. N.H. 2007) (describing factors and collecting authorities); see also Judicial Conference of the United States Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Aug. 11, 2005), *available at* www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/JCUSinterrimProcedures.aspx; 1 COLLIER ON BANKRUPTCY ¶9.05[1][d][i], at 9-20 to -21 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2013).

Even when both requirements are met, the decision to waive the fee is discretionary: "[T]he bankruptcy court *may* waive the filing fee" when those criteria are satisfied. §1930(f)(1) (emphasis added). In exercising this discretion, I consider, among other things, the costs that fee waivers impose on the bankruptcy system. When a debtor files a chapter 7 petition, a trustee must administer the debtor's case. The Bankruptcy

2

Code requires the trustee to review the debtor's petition and schedules, see 11 U.S.C. §704(b)(1)(A), conduct a meeting of creditors at which the debtor is interviewed under oath about her assets and debts, see 11 U.S.C. §341, and file a report with the court, see 11 U.S.C. §704(a)(9). In a case in which the debtor has only exempt assets, the trustee receives only a nominal fee of $60—a fee paid from the chapter 7 filing fee. 11 U.S.C. §330(b).

When the filing fee is waived, therefore, the trustee must administer the case without compensation. Having to provide uncompensated services creates a substantial disincentive to serve as a trustee, threatening the ability of the bankruptcy court to provide chapter 7 debtors with the discharges that they seek. This cost strongly supports only allowing a waiver when a debtor demonstrates that a discharge will bestow a benefit beyond simply affording relief from the usual collection efforts. The debtor in *Kras*, for example, sought a discharge to prevent a former employer from interfering with future job prospects—an extraordinary benefit in addition to the typical relief from "the distress of financial insolvency and creditor harassment". *Kras*, 409 U.S. at 438. As the Supreme Court remarked, debtors who lack non-exempt assets and seek bankruptcy relief from harassing creditors may have other alternatives: "However unrealistic the remedy may be in a particular situation, a debtor, in theory, and often in actuality, may adjust his debts by negotiated agreement with his creditors. At times the happy passage of the applicable limitation period, or other acceptable creditor arrangement, will provide the answer." *Id.* at 445. Because fee waivers impose a substantial cost on the bankruptcy system as a whole, debtors unable to pay the filing fee must ordinarily resort to these other alternatives. Those desiring a fee waiver must show they face special circumstances establishing that a bankruptcy discharge will afford them out-of-the-ordinary benefits.

II

I considered Ms. Williams's fee waiver application using this framework. Her schedules state that she has a monthly income of $1,866. The official poverty line for her family of three is $1,628 per month, 150% of which is $2,441, more than her income. She meets the poverty-line requirement.

Ms. Williams's schedules state further that her monthly expenses are $1,751. Her monthly income exceeds her expenses by $115. She reported having $20 in a bank account, and she paid $75 to a petition preparer to fill out her petition and schedules. All of this suggested that Ms. Williams, while in difficult financial straits, likely has sufficient means to pay the chapter 7 filing fee in monthly installments. (The proof is now in the pudding: she has already paid two-thirds of the filing fee.)

Because Ms. Williams did not carry her burden of showing that she was unable to pay the filing fee in installments, she was not entitled to a fee waiver. And, even if she had made that showing, her submission did not suggest that a chapter 7 discharge would provide her with some otherwise unobtainable benefit.

For these reasons, I denied Ms. Williams's application to waive the chapter 7 filing fee.

April 17, 2013.

G. Michael Halfenger
United States Bankruptcy Judge

4